Weng v. Barr

BIA
Brennan, IJ
A206 463 015

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of August, two thousand twenty.

PRESENT:
> RAYMOND J. LOHIER, JR.,
> RICHARD J. SULLIVAN,
> STEVEN J. MENASHI,
> *Circuit Judges.*

_____

DUN SHENG WENG,
> *Petitioner,*

v.

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

18-2983
NAC

_____

FOR PETITIONER:       Farah Loftus, Law Office of Farah
                      Loftus, Reseda, CA.

FOR RESPONDENT:       David J. Schor, Trial Attorney,
                      Office of Immigration Litigation,
                      Kohsei Ugumori, Senior Litigation

Counsel, Civil Division, *for* Ethan P. Davis, Acting Assistant Attorney General, Civil Division, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Dun Sheng Weng, a native and citizen of China, seeks review of a September 11, 2018 decision of the BIA affirming a September 11, 2017 decision of an Immigration Judge ("IJ") denying Weng's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Dun Sheng Weng,* No. A 206 463 015 (B.I.A. Sept. 11, 2018), *aff'g* No. A 206 463 015 (Immig. Ct. N.Y.C. Sept. 11, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing adverse credibility

2

determination for substantial evidence).

As an initial matter, contrary to the government's argument, Weng does dispute the agency's credibility findings, albeit in a very conclusory way. Nevertheless, we have reviewed that determination and, as discussed below, conclude that it is supported by substantial evidence.

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . . , the consistency between the applicant's . . . written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *see also Hong Fei Gao*, 891 F.3d at 76.

The agency's assessment of Weng's demeanor supports its adverse credibility determination. "We give particular deference to credibility determinations that are based on the adjudicator's observation of the applicant's demeanor, in recognition of the fact that the IJ's ability to observe the witness's demeanor places her in the best position to evaluate whether apparent problems in the witness's testimony suggest a lack of credibility or, rather, can be attributed to an innocent cause such as difficulty understanding the question." *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005). Here, the IJ found that Weng was "hesitant and unconvincing, as well as unresponsive," and that he paused for long periods when asked to elaborate. Certified Admin. Record ("CAR") at 35-36. She also found that he was unclear about the injuries he received in detention.

In addition to the deference we afford to such assessments of a petitioner's demeanor, there is record support for the agency's finding. When Weng's counsel asked him a series of questions about what happened during his interrogation, Weng appeared to forget what he had said before

4

and asked his counsel for a reminder of his previous testimony. The IJ also had to prod Weng for more information, including about the details of his detention. *See Ming Shi Xue v. BIA*, 439 F.3d 111, 122 (2d Cir. 2006) ("[W]here a petitioner's testimony was seemingly too vague, we have asked immigration judges to request additional details before concluding that the narrative was not credible."). Regarding his injuries, Weng first testified on cross-examination that he endured "much suffering" and affirmed that he was beaten on his back until he was bleeding out of his mouth, as he had written in his statement, suggesting severe internal injuries. CAR at 67. He then appeared to minimize his injuries, saying that he bled only from the corner of his mouth and reasoning that because the "bleeding was completely stopped" by the time he went home, it must not have been internal bleeding. *Id.* at 67–68.

Having questioned Weng's credibility, the agency reasonably relied on his failure to rehabilitate his testimony with reliable corroborating evidence. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in

5

general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The only evidence that Weng offered to corroborate his alleged past harm consisted of letters from his wife and former church friend in China. The agency did not err in declining to afford significant weight to those undated documents because neither author was available for cross-examination, and Weng's wife was an interested party. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) (deferring to agency's decision to afford little weight to spouse's letter from China); *see also In re H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (letters from applicant's friends and family were insufficient to provide substantial support for applicant's claims because they were from interested witnesses not subject to cross-examination), *overruled on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130, 133–38 (2d Cir. 2012). Further, the letters did not corroborate any details of the beating Weng allegedly endured or his resulting injuries, stating only that the beating was severe and that his injuries were serious. Additionally, Weng failed to provide a letter

from his father to corroborate that his father paid a fine to free Weng from detention.

Accordingly, given the agency's assessment of Weng's demeanor, to which we defer, and the lack of reliable or detailed corroboration, we find that the agency's adverse credibility determination is supported by substantial evidence. *See Xiu Xia Lin*, 534 F.3d at 165–66. That determination is dispositive of Weng's petition because all three forms of relief he seeks – asylum, withholding of removal, and CAT relief – are based on the same discredited factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7